UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATASHA NICHOLS,

      Movant,

v.

      File No. 1:13-cv-803

      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                      /

## **OPINION**

Pending before this Court is Movant Latasha Nichols's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her (Dkt. No.1). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Because upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief, the government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I.

On December 15, 2011, a grand jury returned a four-count indictment against Movant and a co-defendant, charging two counts of armed robbery of a federally insured bank and two counts of brandishing a weapon during a crime of violence. A superseding indictment charging a second co-defendant was filed on June 19, 2012. On August 16, 2012, Movant pleaded guilty to Counts I–III

of the superseding indictment before Magistrate Judge Joseph Scoville. Per Movant's plea agreement, the government agreed to dismiss Count IV of the superceding indictment (which charged brandishing a weapon in the second robbery) in exchange for, *inter alia*, Movant's cooperation and waiver of most of her rights to appeal and collaterally attack her sentence.

Magistrate Judge Scoville explained to Movant the elements of the crimes charged. He also explained that Movant did not need to commit personally each element to be guilty, but rather only agree to rob the bank with another, knowing that the acts constituting the elements would be committed by someone. Movant affirmed that she understood the charges against her, and pleaded guilty.

The U.S. Probation Office prepared a presentence report that gave Movant a total offense level of 31 and criminal history category VI. This calculation gave Movant a guideline range of 188 to 235 months for Counts I and III, and 84 months for Count II, to be served consecutively. At sentencing, held February 13, 2013, Movant's offense level was adjusted downward to 28, and she was sentenced to 144 months for Counts I and III, and 84 months for Count II, to be served consecutively.

Movant filed a motion under § 2255 on July 26, 2013. Although Movant's memorandum appears to be a prepared form with blank spaces to fill in her name and specific facts of her case,[1] the gravamen of her argument is typed out in a section labeled "Pertinent Facts." Movant argues first:

> Miss Nichols never entered the bank. In fact, the movant never crossed the threshold. The movant was not in possession of a firearm at anytime in the said mentioned offense. A codefender, was subsequently charged and convicted in the instant offense, and that said codefender was the actual participant, whom went inside of the

---

[1]Indeed, most of the text of the motion has marginal relevance, if any, to the facts or arguments of Movant's specific case.

> institution, brandished the weapon, and made the demands. Ms. Nichols, according to ALLEYNE V. UNITED STATES (No. 11-9335) June 17, 2013 , can not be charged with branding a weapon, that she never possessed, therefore making her sentence unlawful. [sic]

(Mot., Dkt. No. 1 at 5). Second, she argues that one of her prior conviction of fleeing and eluding an officer was improperly counted in determining her career criminal status. (*Id.*).

## II.

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The right to collaterally attack a sentence through a § 2255 motion may be waived. *See United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012) ("It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'") (internal citations

omitted). A waiver of the right to collaterally attack a sentence is enforceable if the waiver is knowing and voluntary. *Id.* (citing *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir.2001)). The exception to this general rule is an attack on the validity of the waiver itself. *Toth*, 668 F.3d at 378.

At Movant's plea hearing, the following exchange took place between Magistrate Judge Scoville and Movant:

> THE COURT: Then this goes on to address something called a collateral attack. A collateral attack is a challenge brought by a defendant to her conviction or sentence either after an appeal is done or after the time to appeal has expired, and again, *even though you're pleading guilty, you would have the right to bring a collateral attack.* Generally these are limited to constitutional issues. Now, this says *you understand you'd have the right to bring a collateral attack, but that you are severely limiting this*. You're saying you're giving up your right to do so except for a challenge that goes to the validity of the waiver itself such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel, but beyond that you're saying you will not bring a collateral attack. *Do you understand that?*
>
> DEFENDANT NICHOLS: Yes, sir.
>
> THE COURT: Is that what you've decided to do?
>
> DEFENDANT NICHOLS: Yes.

(Plea Tr., Case No. 1:11-cr-393 Dkt. No. 131 at 35) (emphasis added). Because Magistrate Judge Scoville clearly communicated to Movant what rights she was giving up and she assented that she understood him, the waiver was knowing. Because Movant clearly expressed that she had decided to give up those rights, the waiver was voluntary. This Court must therefore dismiss Movant's instant collateral attack as waived.

Even if Movant had not waived her right to collaterally attack her sentence, her claims are procedurally defaulted. The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the Movant shows cause and prejudice. *Massaro v. United States*, 538

4

U.S. 500, 504 (2003). Although her motion does not attempt to show cause and prejudice for why she did not raise her claims on direct appeal, Movant could not succeed in showing cause or prejudice for either of the claims raised in her motion, and thus the claims are procedurally defaulted.

Her first argument relates to the recent Supreme Court case of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Movant cites this case for the proposition that because she "never entered the bank" and "never crossed the threshold" she cannot be held accountable for brandishing a weapon in the commission of a crime of violence. (Mot., Dkt. No. 1 at 5). This argument is without merit.

First, Movant admitted under oath during her plea colloquy that she entered the banks and assisted in the robberies. (*See* Plea Tr., Case No. 1:11-cr-393 Dkt. No. 131 at 40–41). Further, even if she had not entered the bank or brandished a firearm, as Magistrate Judge Scoville explained to Movant

> when you're working with somebody else, it's not necessary for the government to prove that you did all these things yourself. If you were working in concert, in connection with, in partnership with another person or more than one person, you're all responsible for what happens as long as you had agreed to do these things together and you knew what was happening.

(*Id.* at 13). Finally, *Alleyne*'s holding is categorically different than the proposition for which Movant cites it. However, even if *Alleyne* did stand for the proposition for which Movant cites it, that case has not been made retroactive to cases on collateral review. *See Watson v. United States*, 1:13-cv-725, 2013 WL 6512974 at * 3 (W.D. Mich. Dec. 12, 2013). Even though Movant could have shown good cause why she did not raise a claim under *Alleyne* on direct appeal (because that case had not yet been decided during the time for appeal), she could not show prejudice because her argument lacks merit.

5

Movant's second argument is likewise procedurally defaulted. First, in addition to waiving her right to collaterally attack her sentence, Movant limited her right to appeal. Movant only retained the right to appeal a sentence: (1) that was above the statutory maximum; or (2) that was based upon a guideline calculation that was objected to at the time of sentencing. (Plea Agreement, Case No. 1:11-cr-343 Dkt. No. 82 ¶ 12(a)). Movant did not object to her classification as a career criminal at sentencing. She therefore waived her right to raise this issue on direct appeal, and therefore she cannot now show cause under *Massaro* why she did not present the issue on direct appeal.

Movant also cannot show prejudice, because her argument lacks merit. Movant argues in the instant motion that her prior conviction for fleeing and eluding a police officer is not a crime of violence that can be included in classifying her as a career criminal. Such an argument is clearly contradicted by the law of this circuit. *See United States v. Martin*, 378 F.3d 578, 582–83 (6th Cir. 2004).

For the foregoing reasons, both of Movant's arguments are procedurally defaulted. However, as explained above, even if the arguments were properly before the Court, each lacks merit and would be dismissed. Therefore the Court will deny the motion to correct Movant's sentence.

## III.

Having determined that Movant's arguments do not merit granting her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of

Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.

Dated: January 31, 2014                                  /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE